UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEBRA HAJICEK as Personal Representative of the Estate of Ronald Ruiz, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:16-CV-826-JD-MGG |
| WERNER ENTERPRISES, *et al.*, | ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. On November 9, 2016, Plaintiff, Debra Hajicek as the Personal Representative of the Estate of Ronald Ruiz, Deceased, filed a Complaint in St. Joseph County Circuit Court against Defendants, Werner Enterprises, Inc. ("Werner") and Stanley Polk. On December 2016, Werner filed a Notice of Removal alleging subject matter jurisdiction conferred by diversity of citizenship under 28 U.S.C. § 1332. On February 9, 2017, Plaintiff filed her First Amended Complaint against both Werner and Polk. However, on May 31, 2017, this Court granted Plaintiff's motion for voluntary dismissal of Werner leaving Stanley Polk, proceeding *pro se*, as the only defendant in this action.

Review of Werner's Notice of Removal and Plaintiff's operative First Amended Complaint reveals jurisdictional issues that must be addressed, including the remaining parties' diversity of citizenship, the Court's authority to exercise personal jurisdiction over Defendant Polk, and the proper venue for this case.

I.  **RELEVANT BACKGROUND**

This case arises following the death of Ronald Ruiz, a truck driver employed by non-party Drivers Management, LLC ("Drivers"). Defendant Werner retained Drivers to train its employee—Defendant Polk—as a truck driver. Drivers appointed Ruiz as Polk's trainer. As part of Polk's training, Ruiz and Polk ended up on an interstate highway in Bell County, Texas south of Salado on August 27, 2015. Late that night, Polk stabbed Ruiz who died from his injuries. Polk is now incarcerated in Bell County, Texas as the result of his criminal conviction related to the events of August 27, 2015.

In its Notice of Removal, Werner alleged "upon information and belief" that Ruiz, the decedent, "was a resident and citizen of the State of Indiana at the time of the incident."[1] [DE 1 at 1, ¶ 2]. Werner further asserted that complete diversity exists based on Ruiz's citizenship in Indiana, Werner's citizenship in Nebraska, and Polk's citizenship in Nevada. In her First Amended Complaint, Plaintiff does not explicitly allege complete diversity. However, Plaintiff notes that Ruiz "was a resident of St. Joseph County, Indiana" [DE 16 at 1, ¶ 1]; Werner "was a Nebraska corporation doing business in Indiana" 'DE 16 at 1, ¶ 3]; and Polk "was a resident of Las Vegas, Nevada" [DE 16 at 1, ¶ 4].

II.  **DIVERSITY OF CITIZENSHIP**

"The existence of federal subject matter jurisdiction in a case removed from state court must be assessed as of the time of removal." *In re Fedex Ground Package Sys., Inc. Employment Practices Litig.*, No. 3:05-MD-527RM, 2010 WL 583915, at *2 (N.D. Ind. Feb. 11, 2010) (citing *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510–511 (7th Cir.2006)). "[T]he party

---

[1] Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Therefore, Ruiz's citizenship rather than his Personal Representative Hajicek's determines the relevant citizenship of Plaintiff in this case.

invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package System Inc.,* 457 F.3d 675, 679 (7th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998)).

Here, Werner's Notice of Removal is inadequate for purposes of establishing diversity jurisdiction. While Werner adequately alleged the citizenship of itself and Polk, its allegation of Ruiz's citizenship "upon information and belief" is insufficient to establish jurisdiction. "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).[2]

## II.    PERSONAL JURISDICTION OVER DEFENDANT POLK

"In order for a district court to bind an individual, the court must have personal jurisdiction over that individual." *Brook v. McCormley*, —F.3d—, —, 2017 WL 4531687, at *1 (7th Cir. Oct. 11, 2017) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). "The plaintiff bears the burden of establishing personal jurisdiction." *Id.* (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)).

---

[2] The Court notes that the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996); *see also* 28 U.S.C. § 1332(a). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677–78 (7th Cir. 2006). Therefore, the Court must be advised of each party's citizenship, not residency. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (collecting cases); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run.").

A federal district court may exercise personal jurisdiction over a defendant if a court of general jurisdiction of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). This Court, sitting in Indiana, turns to the Indiana Rules of Trial Procedure, which provide for personal jurisdiction "on any basis not inconsistent with the Constitutions of this state or the United States." Ind. R. Tr. P. 4.4(A). Thus, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Due Process clause of the United States Constitution. *See LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

To exercise personal jurisdiction over a defendant under the Due Process clause, the defendant must have "certain minimum contacts with [Indiana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1946) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant "should reasonably anticipate being haled into court [in Indiana]," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), if he "purposefully avails [himself] of the privilege of conducting activities within [the state]," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The two forms of personal jurisdiction that a court may exercise over a non-resident defendant are "specific" and "general" jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

"A defendant is subject to general jurisdiction when it has 'continuous and systematic general business contacts' with the forum state." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425–26 (7th Cir. 2010) (citing *Helicopteros*, 466 U.S. at 415–16). In this case, the exercise of general jurisdiction would be appropriate if Polk's contacts with Indiana were "so extensive to be tantamount to [Polk] being constructively present in the state to such a degree that it would be fundamentally fair to require [him] to answer in an Indiana court in *any* litigation arising out of

4

*any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). Plaintiff has not demonstrated that Polk lives or ever worked in the State of Indiana. In addition, Plaintiff has not offered any facts to make a prima facie case of substantial, continuous, and systematic contacts by Polk with the State of Indiana.

Similarly, Plaintiff has failed to establish specific jurisdiction over Polk in this Court. Specific jurisdiction is appropriate when the basis for the lawsuit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004). According to Plaintiff's Amended Complaint, Polk's only contact with the State of Indiana was his interaction with Indiana resident, Ruiz. However, Plaintiff alleges that all of that interaction occurred in Texas. Without adequate allegations of either general or specific jurisdiction, Plaintiff's Amended Complaint fails to establish personal jurisdiction over Polk.

## IV. VENUE

Even if it can be determined that this Court retains both subject matter and personal jurisdiction to hear this case, the Notice of Removal and Amended Complaint do not allege facts sufficient to determine whether venue is proper in this case.

Generally, "[a] civil action may be brought in—**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Venue in this case cannot be based upon subsection (1)

5

because none of the defendants are residents of Indiana, the state in which this district court is located. However, venue appears to be proper in the United States District Court for the Western District of Texas under subsection (2) because the events giving rise to this action occurred in that district. In light of the likely applicability of subsection (2), venue probably need not be determined by subsection (3)'s personal jurisdiction criterion. Regardless, the record in this case does not seem to support venue here in the Northern District of Indiana.

With that said, defendants may explicitly consent, and waive any objections, to venue in a judicial district in which venue would otherwise be improper under 28 U.S.C. 1391(b). *De La Fuente v. I.C.C.*, 451 F. Supp. 867, 870 (N.D. Ill.1978). Indeed, "questions of venue, as distinct from matters of jurisdiction, relate '(solely) to the convenience of litigants and as such is subject to their disposition.'" *Nat'l Acceptance Co. of Am. v. Wechsler*, 489 F. Supp. 642, 649 (N.D. Ill. 1980) (quoting *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)). Nothing in the record reflects any such consent or waiver by Defendant Polk leaving open the question of whether venue is proper in this judicial district.

## V. CONCLUSION

As discussed above, Werner's Notice of Removal fails to adequately allege the citizenship of the decedent, Ronald Ruiz, raising the question of whether this Court retains subject matter jurisdiction over Plaintiff's wrongful death action set forth in her First Amended Complaint. In addition, Plaintiff has failed to establish personal jurisdiction over Defendant Polk in this judicial district. Similarly, the record does not adequately support venue in this judicial district. To ensure that this Court retains jurisdiction over Plaintiff's claim, supplementation of the record is required.

This matter is complicated by two factors: (1) Defendant Werner, who filed the Notice of Removal and therefore had the burden to establish subject matter jurisdiction, is no longer a party to this case; and (2) Defendant Polk is incarcerated in the Western District of Texas and is proceeding in this action without the benefit of representation by counsel. With these factors in mind and in the interest of justice, the Court **ORDERS** Plaintiff to file a legal brief by **November 3, 2017**, addressing the jurisdiction and venue issues outlined above including: (1) the citizenship of the decedent, Ronald Ruiz; (2) this Court's personal jurisdiction over Defendant Polk; and (3) proper venue in this judicial district or transfer to another district such as the Western District of Texas or possibly the District of Nevada. Defendant Polk may file a brief in response by **November 24, 2017**. Upon receipt of both briefs, the Court will determine whether jurisdiction is proper in this judicial district; whether remand to the St. Joseph County Circuit Court is warranted; or whether this case should be transferred to another judicial district.

**SO ORDERED.**

Dated this 19th day of October 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge